# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HOLMBOE, | Case No. 1:17-cv-01575-SAB (PC) |
| Plaintiff, | ORDER DIRECTING OFFICE OF THE CLERK TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| FALGOUT, et al., | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| Defendants. | |
| | [ECF No. 1] |

Plaintiff Joshua Holmboe is appearing pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Currently before the Court is Plaintiff's complaint, filed November 27, 2017.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397.

## II.

## COMPLAINT ALLEGATIONS

On July 13, 2017, Defendant Falgout called Plaintiff to the program office and reprimanded him for contacting her via a CDCR form 22 in the present of Defendants Weinger and Johnson. Falgout stated, "Your 22s are disrespectful and stop sending me 22s or I'll go CDC on you and never answer a 22 again." Defendants Weinger and Johnson were present during Defendant Falgout's comments.

On August 16, 2017, Defendant Castellanos, as a senior officer, sent officers Fox and Estrada to search and tear up Plaintiff's living quarters in retaliation for an appeal filed earlier that day.

On October 25, 2017, Defendant Fox issued a disciplinary violation for Plaintiff's exercise of his right to file an inmate grievance.

On November 3, 2017, Defendant Garcia called Plaintiff to his office and stated, "I wanted to hear from the horse's mouth why you are filing these appeals." Later in the conversation, Garcia stated, "stop writing six oh twos and putting other people's names on them or you'll end up with a manipulation charge because the definition of assisting is very broad." Garcia also stated, "there's a difference between what the law is and what CDC really does. They gave you a fake 128 because they're leading up to giving you a 115. When they do, I'll be the senior hearing officer overseeing your hearing and I'll put you on c-status. Then you'll be going home in, more like April, instead of January."

## III.

## DISCUSSION

### A. Application of Supreme Court Decision of Ziglar v. Abbasi

In Ziglar, the Supreme Court clearly stated that "expanding the Bivens remedy is now a disfavored judicial activity," and the Court has "consistently refused to extend Bivens to any new context or new category of defendants." Ziglar v. Abbasi, 137 S.Ct. 1843, 1857 (2017) (citations omitted). The Court set forth a two-part test to determine whether a Bivens claim may proceed. The district court must first determine whether the claim presents a new context from previously established Bivens remedies. If so, the Court must then apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding Bivens absent affirmative action by Congress. Id. at 1857, 1875.

"Since Bivens, the Supreme Court has recognized implied causes of action for damages against federal employees for only three types of constitutional violations: (1) police search and seizure in violation of the Fourth Amendment, see Bivens, 403 U.S. 388; (2) gender discrimination by a congressman in violation of the Fifth Amendment for an employee not covered by Title VII, see Davis v. Passman, 442 U.S. 228 (1978); and (3) deliberate indifference toward a prisoner in violation of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980)." Adralan v. McHugh, No. 1:13-CV-01138-LHK, 2013 WL 6212710, at *10 (N.D. Cal. Nov. 27, 2013).

1    If the claim presents a new context in Bivens, the Court must consider whether there are special factors counseling against extension of Bivens into the area. "[T]he inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Ziglar, 137 S.Ct. at 1857-58. The Court should assess the impact on governmental operations system-wise, including the burdens on government employees who are sued personally, as well as the projected costs and consequences to the government itself. Id. at 1858. In addition, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Id.

The Supreme Court has never implied a Bivens action under any clause of the First Amendment. See Reichie v. Howards, 566 U.S. 658 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims."); Ashcroft v. Iqbal, 556 U.S. at 675 (assuming without deciding that Bivens extended to First Amendment claim). In addition, the Supreme Court declined to extend Bivens to a First Amendment free speech claim relating to federal employment noting "that Congress is in a better position to decide" the issue. Bush v. Lucas, 462 U.S. 367, 390 (1983). Therefore, Plaintiff's retaliation claim under the First Amendment presents a new context in Bivens, and the Court must proceed to consideration of the special factors counseling against extension of Bivens in this context.

Here, Plaintiff has alternative remedies available to him, including the Bureau of Prisons administrative grievance process which he presents was exhausted and potential injunctive relief.[1] In addition, the fact that Congress has not extended Bivens to claims under the First Amendment is itself a factor counseling hesitation. Ziglar, 137 S.Ct. at 1865. Therefore, the Court finds that under the

---

[1] The Bureau of Prisons has established an administrative remedy through which an inmate can seek review of a complaint regarding any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. Injunctive relief is available to a prisoner who is challenging a viable claim of retaliation. See 18 U.S.C. § 3626(a)(2); Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 74 (2001) (observing that injunctive relief has long been recognized as proper means for altering unconstitutional policy); Solida v. McKelvey, 820 F.3d 1090, 1096 (9th Cir. 2016) (providing for a waiver of sovereign immunity under the APA for injunctive relief). It is unclear why Plaintiff references the administrative grievance procedures that are applicable to the California Department of Corrections when he is currently in federal custody. Nonetheless, it is clear that Plaintiff has access to an administrative remedy process.

analysis set forth in Ziglar, there is no implied right of a Bivens action for a First Amendment retaliation claim and Plaintiff's complaint should be dismissed.

## IV.

## ORDER AND RECOMMENDATION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim under Bivens.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 11, 2018**

UNITED STATES MAGISTRATE JUDGE